**UNITED SETATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DENNIS STEVENS,** <br> **on behalf of himself and all others** <br> **similarly situated,** <br>              **Plaintiff** <br><br> v. <br><br><br> **DANIELS LAW OFFICES, P.C.** <br><br>              **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil No. <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Dennis Stevens seeks redress under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") due to misleading and unfair conduct of defendant in attempting to collect an alleged consumer debt.  Plaintiff sues on behalf of himself and classes of Massachusetts consumers similarly situated.

**Parties**

1.  Plaintiff Dennis Stevens is an individual who at all relevant times has resided in Stoneham, Middlesex County, Massachusetts.

2.   Defendant Daniels Law Offices, P.C. (the "Firm") is a Massachusetts law firm organized as a Massachusetts professional corporation, with a principal place of business in Quincy, Massachusetts.

3. At all relevant times defendant has been a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

## Jurisdiction and Venue

4.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

6.  Plaintiff received a letter from defendant dated December 24, 2008, stating that plaintiff owed a debt to Unifund CCR Partners which defendant had been hired to collect. The letter was the initial written communication from defendant regarding the alleged debt and contained language purporting to constitute the validation notice required by 15 U.S.C. §1692g(a) and 209 CMR 18.18(1).

7. Plaintiff received 3 subsequent letters from the Firm in connection with the same alleged debt, each of which identified the creditor as Unifund CCR Partners.

8.  On or about May 1, 2009, defendant filed a lawsuit on behalf of Unifund CCR Partners against plaintiff in the Woburn District Court, seeking judgment on the alleged debt, which complaint was served on plaintiff on or about May 11, 2009.

9.  Defendant represented in the Woburn District Court complaint that Unifund CCR Partners owned a debt originally issued by First USA Bank, N.A., for which plaintiff was liable, and sought judgment against plaintiff in the amount of $4,836.85, plus costs and interest.

10.  At no time from Decembe 24, 2008 through the filing of the complaint against plaintiff has Unifund CCR Partners had any ownership interest in the alleged debt.  On information and belief, its only connection to the alleged debt was as a collection agent

for, or servicer of, the alleged debt, which at all relevant times was owned by Unifund Corporation or another as yet unidentified "Unifund" entity.

### FDCPA Violations – Letters

### COUNT I

11. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

12. The validation notice dated December 24, 2008 which defendant sent to plaintiff on behalf of Unifund CCR Partners did not state the name of the creditor to whom the alleged debt was owed, in violation of 15 U.S.C. §1692g(a)(2).

### COUNT II

13. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

14. Each letter which defendant sent to plaintiff on behalf of Unifund CCR Partners misrepresented the character of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

### COUNT III

15. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

16. Each letter which defendant sent to plaintiff on behalf of Unifund CCR Partners used a false representation or deceptive means to attempt to collect the alleged debt, in violation of 15 U.S.C. §1692e(10).

### COUNT IV

17. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

18. By misrepresenting the identity of the creditor, each of the letters which defendant sent to plaintiff on behalf of Unifund CCR Partners constituted an unfair means of attempting to collect the alleged debt, thus violating 15 U.S.C. §1692f.

**Class Action Allegations**

19.  Plaintiff brings this complaint on behalf of himself and all other persons similarly situated.  Class members in counts I – IV ("Class A") are all persons who, according to records maintained by defendant, were sent a letter with respect to an alleged consumer debt within 1 year of the filing of this action which misrepresented the creditor as Unifund CCR Partners, and who according to defendant's records resided in Massachusetts as of the date of the letter.  Excluded from the class are current and former officers, directors, and employees of defendant and persons whose letters were all returned as undeliverable.  On information and belief, the class is sufficiently numerous such that joinder is impracticable.

20.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendant is a debt collector under the FDCPA, whether the challenged conduct violates the FDCPA as alleged, and the amount of damages to which the class is entitled..

21.  Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

22.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

23. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv) award plaintiff and class members costs and attorney's fees against defendants; jointly and severally;

(v) award such further relief as shall be just and proper.

### **FDCPA Violations – Lawsuit**

#### COUNT V

24. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

25. The complaint drafted and filed by defendant in the Woburn District Court alleged falsely that Unifund CCR Partners owned the alleged debt, thus misrepresented the character of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

#### COUNT VI

26. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

27. The complaint drafted and filed by defendant against plaintiff in the Woburn District Court used a false representation or deceptive means to attempt to collect the alleged debt, in violation of 15 U.S.C. §1692e(10).

## COUNT VII

28. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

29. By misrepresenting the identity of the creditor in the complaint filed against plaintiff in the Woburn District Court, defendant employed an unfair means of attempting to collect the alleged debt in violation of 15 U.S.C. §1692f.

## Class Action Allegations

30. Plaintiff brings this complaint on behalf of himself and all other persons similarly situated.  Class members in counts V – VII ("Class B") are all persons who, according to records maintained by defendant, were named as defendants in complaints drafted and filed by defendant in Massachusetts trial courts within 1 year of the filing of this action, which complaints sought the collection of consumer debts and misrepresented the owner of the debt as Unifund CCR Partners.  Excluded from the class are current and former officers, directors, and employees of defendant and persons who were never sued with the complaint.  On information and belief, the class is sufficiently numerous such that joinder is impracticable.

31. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendant is a debt collector under the FDCPA, whether the challenged conduct violates the FDCPA as alleged, and the amount of damages to which the class is entitled.

32. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

33. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

34. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

        WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)    appoint plaintiff as class representative and the undersigned as class counsel;

(iii)   award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv)   award plaintiff and class members costs and attorney's fees against defendants; jointly and severally;

(i)     award such further relief as shall be just and proper.


**Plaintiff claims trial by jury.**

DENNIS STEVENS
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com